

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| ANANA MELENDEZ,<br>      **Employee,** | ) | **Docket No. 2018-07-0342** |
| **v.** | ) | |
| **WOLFE CO.,** | ) | **State File No. 46997-2017** |
|       **Employer,** | ) | |
| **And** | ) | |
| **ACCIDENT FUND GENERAL** | ) | **Judge Allen Phillips** |
| **INS. CO.,** | ) | |
|       **Carrier.** | ) | |

## COMPENSATION HEARING ORDER

This case came before the Court on June 11, 2020 for a Compensation Hearing. The only issue was whether Ms. Melendez is entitled to enhanced benefits because she lacks a high school diploma or general equivalency diploma (GED). For the following reasons, the Court holds she is entitled to the enhanced benefits.

### History of Claim

On January 31, 2020, the Court entered an Order Approving Settlement Agreement in which it approved an original award of $19,283.94 in permanent partial disability benefits. The Court also awarded enhancing factors of 1.35 times the original award because Ms. Melendez did not return to work at the end of the initial benefit period and 1.2 times because she is over age forty.[1]

The parties did not agree to the enhancing factor of Tennessee Code Annotated section 207(3)(B)(i), which provides a multiplier of 1.45 times the original award if the employee lacks a high school diploma or GED. They did agree that if Ms. Melendez were entitled to those benefits, they equal $14,058.

For her part, Ms. Melendez testified she does not have a GED but instead completed only the ninth grade. She said she enrolled in GED classes about twenty years ago when living in Indiana, and although she completed those classes, she did not "take

---

[1] The Court additionally approved Wolfe's agreement to pay future medical expenses.

the test" or "graduate." She wrote "yes" to the question of whether she had a GED on Wolfe's job application because she thought the question meant whether she had completed GED classes, not necessarily that she graduated. She said the job did not require a high school diploma or GED.

In addition, Ms. Melendez offered a Workers' Compensation Mediated Settlement Agreement from 2008. The document listed her as having "completed formal education through 10th grade." She also produced a letter from an agency that provides adult education services in the Indiana town where Ms. Melendez lived. The agency had no record of Ms. Melendez having been a student, but it had only been the "program of record for the past 9 years or so." Ms. Melendez moved to Tennessee in 2003.

Wolfe introduced the job application and offered an adjuster's note, which stated that Ms. Melendez told her she has a GED. At the hearing, the adjuster testified that she asked every employee about their educational background and had done so in the same way over her thirty-five-year career.

On cross-examination, Ms. Melendez did not recall talking with the adjuster. Wolfe also confronted her about stating on her application that she had a GED. Ms. Melendez replied that she did not "lie" but maintained she took the question to mean she had completed the classes. However, she admitted she understood the word "graduate" means that one "finished" a program.

Based on her testimony and the 2008 settlement agreement, Ms. Melendez contended she established she does not have a GED. For its part, Wolfe contended Ms. Melendez stated on the job application and told the adjuster that she had a GED. It argued that when she settled the 2008 claim, she knew a lower education level meant recovery of a larger amount of disability benefits, just as it does now. Further, Wolfe argued there are thousands of adult education programs nationwide, meaning "it is virtually impossible to disprove" that Ms. Melendez does not have a GED by requesting records from those programs.

**Findings of Fact and Conclusions of Law**

The employee in a workers' compensation claim has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At this Compensation Hearing, Ms. Melendez must establish her entitlement to the requested benefits by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

Here, Ms. Melendez testified she does not have a GED, and she offered a previous settlement agreement that memorialized a tenth-grade education to corroborate that testimony. Wolfe offered compelling contrary evidence, specifically the job application and Ms. Melendez's statement to the adjuster – a statement that the Court believes she made. Further, the Court recognizes that Ms. Melendez has claimed a lower education level

2

twice, here and in the earlier settlement, where lacking a GED enhances her benefits. Moreover, the Court recognizes Wolfe's argument that proving the negative regarding an employee's education level is practically impossible.

However, while Wolfe's position is compelling, the Court finds Ms. Melendez's trial testimony dispositive. She testified, after swearing a solemn oath and under penalty of perjury, that she did not have a GED. The Court watched her closely. Because current health concerns require facial masking, the Court could only see her eyes. "The face is a picture of the mind as the eyes are its interpreter."[2] In Ms. Melendez's eyes, the Court detected neither deceit nor prevarication. If anything, a slight degree of reticence was more in keeping with some embarrassment at having her lack of education aired in public.

Likewise, the Court listened to her intently, noting her tone and inflection. She was calm and sure. *See Kelly v. Kelly*, 445 S.W.3d 685, 694-695 (Tenn. 2014) (discussing indicia of witness credibility). Even when Wolfe confronted her as to whether she "lied" on the job application, Ms. Melendez did not become argumentative. Again, she said she interpreted the question as meaning that she had completed the classes, not necessarily that she received a certificate. Regardless, a GED was unnecessary to obtain the job, removing any need for embellishment.

Based on these findings, the Court finds Ms. Melendez credible and holds she is entitled to the 1.45 times enhancing factor because she lacks a high school education or GED.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Wolfe shall pay Ms. Melendez enhanced permanent partial disability benefits of $14,058 under Tennessee Code Annotated section 50-6-207(3)(B)(i). Ms. Melendez's attorney is entitled to a twenty-percent fee of the award under Tennessee Code Annotated section 50-6-226(a)(1), or $2,811.60.

2. Wolfe shall pay all reasonable and necessary future medical benefits under Tennessee Code Annotated section 50-6-204(a)(1)(a) under the January 31, 2020 Order Approving Settlement Agreement.

3. The Court taxes the $150.00 filing fee to Wolfe, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019) within five business days of this order becoming final, and for which execution might issue if necessary.

4. Wolfe shall file a Statistical Data Form (SD-2) with the Court Clerk within five business days of the date this order becomes final.

---

[2] Marcus Tullius Cicero, Roman philosopher (106-43 B.C.).

3

5. Absent an appeal, this order shall become final thirty days after entry.

**ENTERED July 6, 2020.**

_Allen Phillips_
**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits
1. Application for Employment
2. Photocopy of claims handler's note
3. Settlement Documents, January 31, 2020
4. Settlement Documents, December 23, 2008
5. Subpoena for education records
6. Affidavit of Records Custodian regarding education records
7. First Report of Work Injury

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Scheduling Hearing
4. Order Setting Compensation Hearing
5. Employee's Pre-Hearing Brief
6. Employee's List of Proposed Exhibits
7. Employee's Witness List
8. Pre-Compensation Hearing Statement
9. Wolfe Co. Pre-Hearing Brief
10. Wolfe Co. Exhibit List
11. Wolfe Co, Witness List
12. Motion to Continue Compensation Hearing
13. Order Continuing Compensation Hearing
14. Second Order Setting Compensation Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Compensation Hearing Order was sent as indicated on July 6, 2020.

| Name | Via Email | Service sent to: |
|---|---|---|
| Monica R. Rejeai, Employee's Attorney | X | mrejaei@nstlaw.com<br>jkarpovich@nstlaw.com |
| Gordon Aulgur, Employer's Attorney | X | gordona@accidentfund.com<br>rosie.marlatt@accidentfund.com |

_Penny Shrum_

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court.  To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board.  *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure.  If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.  *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____   ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)              RDA 11082